UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:24-cv-01525-AB-MAA | Date: | February 3, 2025 |
|---|---|---|---|

| Title: | *Nelly Meza v. Decron Properties Corp. et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant removed this action on the basis of diversity jurisdiction. The Court has diversity jurisdiction where the matter in controversy exceeds the value of $75,000, and is between citizens of different states. *See* 28 U.S.C. § 1332(a).

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal," statutes conferring jurisdiction are "strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).

Upon review of the docket, the Court has determined that Defendant's Notice of Removal ("NOR") is inadequate to establish that the amount in

controversy exceeds $75,000. The NOR states in a conclusory manner that Plaintiff is seeking more than $100,000 in damages, but does not allege where this figure comes from. Plaintiff's state court Complaint indicates only that the demand exceeds $25,000, but this does not mean it also exceeds $75,000. Factually, the Complaint alleges only that Plaintiff "tripped and fell near a negligently maintained area on the parking lot," Compl. ¶ 6, and it lacks any allegations about her injuries that would make it apparent that the amount in controversy exceeds $75,000. Thus, it is not clear that, at the time of removal, the amount in controversy was satisfied. And, the parties' Joint Rule 26(f) Report (Dkt. No. 18) bolsters the Court's doubts that the amount in controversy is satisfied because it states that Plaintiff seeks the following damages: about $420 in lost income, no lost earning capacity, and about $20,595 in medical bills. This adds up to only about $21,000—far short of the $75,000 threshold necessary to vest this court with jurisdiction.

Although Plaintiff has not challenged the Court's subject matter jurisdiction, the Court has an independent duty to ensure it does not preside over cases over which it lacks jurisdiction.

The Court therefore **ORDERS** Defendant **TO SHOW CAUSE** why this case should not be remanded for lack of subject matter jurisdiction. Defendant's Response **must be filed within 7 days of this Order**. If Defendant does not respond by the deadline, the case will be remanded without further notice.

**IT IS SO ORDERED**.